**Troy SCHANTZ, Appellant,**

v.

**Gary Barbera DODGELAND, Appellee.**

Superior Court of Pennsylvania.

Argued May 6, 2003.

Filed Aug. 14, 2003.

Robert A. Rapkin, Ambler, for appellant.

Lawrence R. Wieder, Harrisburg, for appellee.

BEFORE: DEL SOLE, P.J., JOHNSON and BECK, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 This is an appeal from an order sustaining Appellee's preliminary objections, dismissing Appellant's action in the Court of Common Pleas and directing that the matter proceed to arbitration.[1]

---

1. The trial court action was taken in two orders. The initial order transferred the matter to arbitration. After Appellee sought clarification, the trial court corrected its order and ordered the matter to "AAA Arbitration per the contract between the parties." See Trial Court Orders, 8/12/02 and 8/26/02.

¶ 2 Appellant filed a complaint against Appellee alleging conversion, negligence, defamation, fraud and violations of the Uniform Commercial Code, the Pennsylvania Automotive Industry Trade Practices Act and the Pennsylvania Unfair Trade and Consumer Protection Law. The charges stemmed from arrangements for the purchase of a truck by Appellant from Appellee dealership. Appellee filed preliminary objections which included a claim that, pursuant to the Retail Installment Contract executed by the parties, the matter was controlled by the parties' agreement for alternative dispute resolution. The arbitration clause contained in the agreement directed that any claim or disputes arising between the parties be resolved in binding arbitration and that any arbitration shall be governed by the Federal Arbitration Act (9 USCS § 1 et seq.). The trial court dismissed the proceedings and directed that the matter proceed to arbitration.

■ ¶ 3 On appeal Appellant argues that the trial court erred in finding that there was an agreement to arbitrate. He further argues that his claims do not fall within the scope of the arbitration claim, and that regardless as a matter of public policy the matter should not be transferred to arbitration.

■ ¶ 4 We cannot reach the merits of Appellant's claims because the order before us directing that the matter proceed to arbitration is not a final order. "An order directing arbitration, whether statutory or common law, is an interlocutory order and is not immediately appealable." *Rosy v. National Grange Mut. Ins. Co.,* 771 A.2d 60, 61 (Pa.Super.2001). The parties have been forced into, not put out of court. Thus the order is interlocutory and this appeal is not properly before us. *See Canter's Pharmacy, Inc. v. Elizabeth As-*

*sociates,* 396 Pa.Super. 505, 578 A.2d 1326 (1990).

■ ¶ 5 Appellant argues that he has effectively been put out of court because the trial court dismissed his complaint. Such action was improper. In *Maleski v. Mutual Fire, Marine and Inland Ins. Co.,* 534 Pa. 575, 633 A.2d 1143 (1993), our Supreme Court considered the appeal of the state insurance commission which sought review of an order granting the appellees, insurance companies', motion to compel arbitration and dismissing the appellant's complaint. The Supreme Court began by noting that an appeal from an order directing arbitration is interlocutory; thus, the appeal had to be quashed. However, it further held that the original court action should have been stayed pending arbitration. The Court found a stay was required pursuant to Section 7304 of the Pennsylvania Arbitration Act, 42 Pa.C.S.A. § 7304. It provides in part that an action "involving an issue subject to arbitration, shall be stayed if a court order to proceed with arbitration has been made." *Id.* The Supreme Court ruled that a stay of the court action pending arbitration was required by statute which made the order appealed from interlocutory. The Court then quashed the appeal.

¶ 6 Similarly, in this matter the trial court held it should proceed to arbitration, yet the trial court failed to stay the action before it. Section 3 of the Federal Arbitration Act, like Section 7304 of the Pennsylvania Arbitration Act, requires a stay of the proceedings where an issue is referred to arbitration. The Federal provision directs that where a trial court concludes that a matter is referable to arbitration under an agreement, the trial court shall stay the trial action until such arbitration has been completed. 9 USCS § 3.

¶ 7 Thus, in accordance with *Maleski v. The Mutual Fire, Marine and Inland Ins.*

*Co.,* 633 A.2d 1143 and 9 USCS § 3, we conclude the trial court wrongly failed to stay the proceedings before it while referring the matter to arbitration. We therefore direct the trial court, upon motion of a party, to reinstate Appellant's complaint and stay the action pending the resolution of the arbitration proceeding. This appeal, being from an interlocutory order directing arbitration, is quashed.

¶ 8 Appeal quashed. Jurisdiction relinquished.