J-S07018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| AAL INVESTMENTS, LLC, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| NICHOLAS TSIOLES AND THEODORE TSIOLES, | |
| Appellee | No. 799 MDA 2014 |

Appeal from the Order Entered April 7, 2014
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 2013-4649

BEFORE: BENDER, P.J.E., OLSON AND OTT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 01, 2015**

Appellant, AAL Investments, LLC, appeals from an order entered on April 7, 2014 in the Civil Division of the Court of Common Pleas of Luzerne County. The April 7, 2014 order sustained preliminary objections filed on behalf of Appellees, Nicholas Tsioles and Theodore Tsioles, which alleged that Appellant's complaint was subject to compulsory arbitration. In addition, the order dismissed Appellant's complaint without prejudice. We quash but remand with directions to the trial court, upon motion of a party, to reinstate Appellant's complaint and stay the action pending the resolution of the arbitration proceeding.

The trial court aptly summarized the relevant facts as follows:

In 2008, [Appellant] and Nicholas Tsioles entered into an [a]sset [p]urchase and [s]ale [a]greement that was signed by Nicholas Tsioles and [Appellant]. Theodore Tsioles did not execute the

[a]greement. According to the [a]sset [p]urchase and [s]ale [a]greement, [Appellant] agreed to purchase a Curry Donut from Nicholas Tsioles. [Appellant] also agreed to purchase the machinery, equipment, furniture and fixtures for one hundred thousand ($100,000[.00]) dollars. [Nicholas] Tsioles was to deliver a bill of sale and assignment for assets to [Appellant]. Thereafter, [Appellant] was to execute a judgment note and the parties agreed to enter into a [l]ease and [f]ranchise [a]greement. The agreements were to be executed simultaneously at the closing.

At the time of closing, [Appellant] executed a [p]romissory [n]ote and entered into a [l]ease [a]greement with Tsioles, however, the parties never entered into a [f]ranchise [a]greement.

Trial Court Opinion, 9/10/14, 2-3.

On April 15, 2013, Appellant filed a complaint alleging that Appellees committed fraud and violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL). Count I of Appellant's complaint alleged that Appellees made false and fraudulent representations to induce Appellant to enter into the asset purchase and sale agreement and the lease agreement. Count II of the complaint alleged that Appellees engaged in unfair means of competition and deceptive acts in violation of the UTPCPL. Appellees filed preliminary objects, together with a brief in support, on May 13, 2013. Among other things, Appellees argued that Appellant's complaint should be dismissed under Pa.R.C.P. 1028(a)(6) for failure to submit claims to arbitration pursuant to paragraph nine of the asset purchase and sales

agreement.[1]   On May 29, 2013, Appellant filed preliminary objections to Appellees' preliminary objections.

By agreement of counsel, the parties waived oral argument and submitted the matter for a decision on the briefs.  Letter from Counsel for Appellees to Trial Court, 2/11/14.  On April 7, 2014, the trial court sustained Appellees' preliminary objections and dismissed Appellant's complaint without prejudice.  Trial Court Order, 4/7/14.  Specifically, the trial court held that it lacked jurisdiction to entertain the parties' dispute under the arbitration clause found in the asset purchase and sale agreement. Appellant timely filed this appeal on April 28, 2014.  After Appellant filed its court ordered concise statement of errors complained of on appeal, the trial court issued its opinion on September 10, 2014.

Appellant raises a single question for our review:

Did the [trial court] err in failing to adjudicate [Appellant's] fraud in the formation of the contract claim and as such attempted to enforce an arbitration clause within the contract itself?

Appellant's Brief at 4.

_____

[1] The arbitration clause provides as follows:

9. Dispute.  Any dispute under this [a]greement shall be settled by arbitration in Luzerne County, Pennsylvania, under the rules of the American Arbitration Association.  The decision of the arbitrators shall be final and binding on the parties.

Asset Purchase and Sale Agreement, 2008, Paragraph 9.

On appeal, Appellant challenges an order that dismissed its complaint without prejudice on grounds that the presence of an arbitration clause in the parties' contract defeated jurisdiction in the court of common pleas. "An order directing arbitration, whether statutory or common law, is an interlocutory order and is not immediately appealable." **Schantz v. Dodgeland**, 830 A.2d 1265, 1266 (Pa. Super. 2003), *quoting* **Rosy v. National Grange Mut. Ins. Co.**, 771 A.2d 60, 61 (Pa. Super. 2001). Trial court orders that direct enforcement of arbitration clauses do not address the merits of a case but merely transfer the respective matters to another forum. **See Fastuca v. L.W. Molnar & Assoc.**, 950 A.2d 980, 986 (Pa. Super. 2008), *aff'd*, 10 A.3d 1230 (Pa. 2011). Hence, such orders are not final and appeals from them are not subject to immediate appellate review. **Schantz**, 830 A.2d at 1266.

Appellant's efforts to avoid enforcement of the arbitration clause in the parties' agreement are unavailing. Appellant does not allege that his claims in the present case fall outside the scope of the arbitration clause found in the parties' asset purchase and sales agreement. Instead, Appellant cites various pre-contractual promises that Appellees allegedly failed to fulfill[2] and

---

[2] Appellant relies on the following promises: 1) Appellees' alleged agreement to furnish a franchise contract giving Appellant exclusive rights to operate a "Curry Donuts" shop within Pittston City in Luzerne County; 2) Appellees' agreement to supply new equipment for on-site production of donuts and related products; and, 3) Appellees' agreement to allow
*(Footnote Continued Next Page)*

argues that we should deem the parties' contract void *ab initio*, not merely voidable. Because the contract is void, Appellant reasons that all aspects of the agreement, including an embedded arbitration clause, are unenforceable. **See** Appellant's Brief at 16-17, *citing* **FDA Packaging, Inc. v. Advance Personnel Staffing, Inc.**, 73 Pa. D & C 4th 420, 429 (Pa. Com. Pl. Berks County). These contentions lack merit.

The doctrine of severability requires enforcement of an arbitration clause included in a voidable contract but does not permit enforcement when the contract is void *ab initio*.[3] **Id.** The distinction between a contract that is void, and one that is merely voidable, turns on whether there has been fraud in the execution of the agreement (also referred to as fraud in the factum)

*(Footnote Continued)* ─────────────

Appellant to use the Curry Donuts name at a satellite location. **See** Appellant's Brief at 11-12.

[3] Pennsylvania law incorporates this principle by statute. Section 7303 of the Judicial Code, which addresses the validity of an agreement to arbitrate claims, states in relevant part:

> **§ 7303. Validity of agreement to arbitrate**
>
> A written agreement to subject any existing controversy to arbitration or a provision in a written agreement to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity relating to the validity, enforceability or revocation of any contract.

42 Pa.C.S.A. § 7303.

or fraud in the inducement. The District Court for the Eastern District of

Pennsylvania succinctly articulated the difference between these principles:

> Courts "classically" distinguish between two types of fraud, fraud in the factum and fraud in the inducement. 26 Samuel Williston, A Treatise on the Law of Contracts § 69:4 (Richard A. Lord ed., 4th ed.1990); **see also** 7 Arthur Linton Corbin, Corbin on Contracts § 28.22 (Joseph M. Perillo ed., rev. ed. 1993) (distinguishing between fraud in the factum and fraud in the inducement). In cases where one party's assent has been procured by fraud in the factum, courts treat the agreement as void and legally ineffective. **See, e.g.**, **Resolution Trust Corp. v. Koock**, 867 F.Supp. 284, 287 (E.D. Pa. 1994) (Robreno, J.) ("[F]raud in the factum ... would render the [agreement] void ...."); **see also** Restatement (Second) of Contracts § 163 (1981). When, however, there is fraud in the inducement, the agreement is voidable at the option of the defrauded party. **See, e.g.**, **Langley v. FDIC**, 484 U.S. 86, 94, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987) (recognizing that "fraud in the inducement ... renders [a contract] voidable but not void"); **see also** Restatement (Second) of Contracts § 164 (1981).
>
> *        *        *
>
> Fraud in the factum occurs when "fraud ... procures a party's signature to an instrument without knowledge of its true nature or contents." **FDIC v. Deglau**, 207 F.3d 153, 171 (3d Cir. 2000) (*quoting* **Langley v. FDIC**, 484 U.S. 86, 93, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987)); **see also** Restatement (Second) of Contracts § 163 & cmt. a (1981) (defining fraud in the factum as "a misrepresentation as to the character or essential terms of a proposed contract"). "Fraud in the inducement, on the other hand, does not involve terms omitted from an agreement, but rather allegations of oral representations on which the other party relied in entering into the agreement but which are contrary to the express terms of the agreement." **Dayhoff Inc. v. H.J. Heinz Co.**, 86 F.3d 1287, 1300 (3d Cir.1996); **see also** Restatement (Second) of Contracts § 164.

*Giannone v. Ayne Institute, et al.*, 290 F.Supp.2d 553, 561 (E.D. Pa. 2003).[4]

Appellant's claims in the present case assert only fraud in the inducement, not fraud in the execution. Hence, the parties' agreement is merely voidable, not void. Appellant's complaint attaches the parties' asset purchase and sale agreement, but does not allege that the attached agreement was not intended to consummate the parties' transaction. Appellant makes no claim that the arbitration clause was procured by fraud or was inserted after its review. The thrust of Appellant's position is that Appellees fraudulently misrepresented their intent to comply with the terms of the parties' agreement. *See* Complaint, 4/15/13, at ¶¶ 4-31 (setting forth Appellant's fraud allegations); Asset Purchase and Sales Agreement, 2008, at 1, 2, and 4 (¶¶ 1 and 4(d)) (listing items conveyed under the agreement and setting forth terms relating to execution of franchise agreement). As such, we conclude that Appellant's complaint sought relief for "oral representations on which [Appellant] relied in entering into the

_____

[4] The Restatement goes on to explain that void contracts generally arise in cases of forgery of a party's name or unauthorized execution of an agreement on behalf of another party. *See e.g.*, Restatement (Second) of Contracts §7 cmt. a. Whereas, voidable contracts involve agreements that allegedly are tainted by unconscionability, duress, misrepresentation, fraud, or other bad faith conduct. *See e.g.*, Restatement (Second) of Contracts §7 (1981).

agreement but which [were] contrary to the express terms of the agreement. ***See Giannone***, 290 F.Supp.2d at 561-562. Thus, no relief is warranted. ***Id***. at 560 ("courts should adjudicate issues involving fraud in the inducement of an arbitration clause, but arbitrators should determine whether there has been fraud in the inducement of an entire contract").

Although the trial court correctly determined that Appellant's claims are subject to compulsory arbitration, we discern an error in the trial court's dismissal of Appellant's claims without prejudice. We confronted a similar situation in ***Schantz***, *supra*. In that case, we observed:

> [The a]ppellant argues that he has effectively been put out of court because the trial court dismissed his complaint. Such action was improper. In ***Maleski v. Mutual Fire, Marine and Inland Ins. Co.***, 633 A.2d 1143 (Pa. 1993), our Supreme Court considered the appeal of the state insurance commission which sought review of an order granting the appellees, insurance companies', motion to compel arbitration and dismissing the appellant's complaint. The Supreme Court began by noting that an appeal from an order directing arbitration is interlocutory; thus, the appeal had to be quashed. However, it further held that the original court action should have been stayed pending arbitration. The Court found a stay was required pursuant to Section 7304[(d)] of the Pennsylvania Arbitration Act, 42 Pa.C.S.A. § 7304. It provides in part that an action "involving an issue subject to arbitration, shall be stayed if a court order to proceed with arbitration has been made." ***Id***. The Supreme Court ruled that a stay of the court action pending arbitration was required by statute which made the order appealed from interlocutory. The Court then quashed the appeal.

***Shantz***, 830 A.2d at 1266 (parallel citations omitted).

In this case, the trial court held that Appellant's claims should proceed to arbitration, yet the court dismissed Appellant's claims without prejudice.

Section 7304(d) of the Pennsylvania Arbitration Act requires a stay of judicial proceedings where an issue is referred to arbitration. A stay is necessary, among other reasons, to preserve Appellant's claims in the event the limitations period were to close while the arbitration proceedings remained ongoing. Thus, in accordance with **Maleski**, **Schantz**, and 42 Pa.C.S.A. § 7304(d), we conclude the trial court improperly dismissed the proceedings before it after referring the matter to arbitration. We thus direct the trial court, upon motion of a party, to reinstate Appellant's complaint and stay the action pending the resolution of the arbitration proceeding.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/1/2015</u>