J-A25027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY A/S/O THOMAS AND MARGARET O'MALLEY<br><br>Appellant<br><br>v.<br><br>INTERLINE BRANDS, INC., MTD (USA) CORPORATION, WATTS WATER TECHNOLOGIES, WATTS PLUMBING TECHNOLOGIES (TAIZHOU CO.) LTD., WATTS REGULATOR COMPANY (TAIZHOU) CO., LTD. AND LINX, LTD.<br><br>Appellee | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br><br><br><br>No. 708 EDA 2015 |

Appeal from the Order Entered February 3, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 140603136

BEFORE: DONOHUE, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.: **FILED SEPTEMBER 28, 2015**

Appellant, Allstate Insurance Company, appeals from the February 3, 2015 order, sustaining the preliminary objections filed by Appellees Linx, Ltd. and Interline Brands, Inc., dismissing the complaint against those Appellees, and referring the case to arbitration.[1] After careful review, we quash this appeal.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The trial court's order did not dismiss the complaint against MTD, Watts Water Technologies, Watts Plumbing Technologies Ltd., or Watts Regulator Company, Ltd.

The trial court's order granted Appellees' preliminary objections to compel arbitration. This Court has held that orders compelling arbitration are generally interlocutory and not immediately appealable. **Fastuca v. L.W. Molnar & Assocs.**, 950 A.2d 980, 986 (Pa. Super. 2008), *affirmed*, 10 A.3d 1230 (Pa. 2011); **Schantz v. Dodgeland**, 830 A.2d 1265, 1266 (Pa. Super. 2003). Appellant asserts that **Stern v. Prudential Fin., Inc.**, 836 A.2d 953 (Pa. Super. 2003) vests this Court with jurisdiction.[2] Appellant's Response to Order to Show Cause, 4/10/15, at 3-4.

In **Stern**, we held that an order dismissing a complaint and referring the case to arbitration instead of staying the civil action pending arbitration was a final order. **Stern**, **supra** at 955 n.1. However, we find **Stern** legally distinguishable because, in **Stern**, the trial court's order dismissed the complaint as to all parties and essentially placed the appellant out of court. **See id.** at 953, 955 n.1. In this case, the trial court's order referred the case to arbitration for some, not all, Appellees. Specifically, the trial court's order did not apply to MTD. **See** Trial Court Opinion, 4/30/15, at 2 n.2 (stating that "[t]he [o]rder at issue did not cover MTD … [as] MTD ha[d] filed no [a]nswer or [o]bjection to the [c]omplaint … and [Appellant] ha[d]

---

[2] To the extent Appellant argues that the trial court's order is immediately appealable as one changing venue pursuant to Pennsylvania Rule of Appellate Procedure 311(c), we reject this argument, as arbitration is not a different "venue." Rather it is a different forum for dispute resolution.

not requested a default judgment [against MTD]"). Additionally, the trial court's order that is the subject of this appeal specifically states that "[Appellant]'s [c]omplaint against [Appellees] Interline Brands, Inc. and Linx, LTD is dismissed so that the matter may be transferred to Arbitration Forums, Inc. pursuant to the October 2, 2006[] Property Subrogation Arbitration Agreement." Trial Court Order, 2/3/15, at 1. Furthermore, even though, Watts Water Technologies, Watts Plumbing Technologies, Ltd., and Watts Regulator Co., Ltd. agreed to arbitrate the instant dispute, the trial court's order does not dismiss the complaint against these parties. This was proper, for as we explain below, the correct course of action when a trial court refers a case to arbitration is to stay the case, not dismiss it. *See generally Schantz*, *supra* at 1266-1267. In our view, this renders *Stern* inapplicable to the case at bar.[3] *See Dahl v. Ameriquest Mortg. Co.*, 954 A.2d 588, 592 (Pa. Super. 2008) (concluding that an order "dismissing one count in a complaint and referring remaining counts to arbitration … is not yet final and appealable because it fails to dispose of all claims and all parties … [but, u]pon conclusion of the arbitration proceedings, the dismissal order becomes final and may be appealed[]"), *appeal denied*, 960 A.2d 840 (Pa. 2008).

---

[3] We also note this is consistent with the general principle that to be final and appealable, a trial court's order must "dispose[] of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1).

Although we lack jurisdiction, as we stated above, Appellant is correct that the trial court should have stayed the proceedings instead of dismissing the complaint as against Interline Brands, Inc. and Linx, LTD. **Schantz**, **supra** at 1266-1267. In **Schantz**, we quashed the appeal as interlocutory, but directed the trial court "upon motion of a party, to reinstate Appellant's complaint and stay the action pending the resolution of the arbitration proceeding." **Id.** at 1267. Consistent with **Schantz**, we direct the trial court to do the same here.

Based on the foregoing, we conclude that the trial court's order is interlocutory and not subject to immediate appeal. Accordingly, we conclude we are without jurisdiction, and quash this appeal.

Appeal quashed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/28/2015*

- 4 -