J-A12022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMES FOX, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JOANN EVANS | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : | No. 1471 EDA 2017 |
| JEANES HOSPITAL, TEMPLE UNIVERSITY HEALTH SYSTEM, INC., KINDRED HOSPITAL-PHILADELPHIA, SOMERTON CENTER NURSING HOME, JITHA RAI, M.D. AND PAUL KARLIN, D.O. | : : : : : : : | |

Appeal from the Order Entered April 25, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  March Term, 2016 No. 160302193

BEFORE:  BOWES, J., OTT, J., and FORD ELLIOTT, P.J.E.

DISSENTING MEMORANDUM BY BOWES, J.:        **FILED JANUARY 11, 2019**

I would quash the instant appeal as interlocutory.  While I agree with my distinguished colleagues that the trial court erred in dismissing Somerton from the court proceeding, and that a stay pending arbitration was the proper course, the wrongful dismissal does not confer jurisdiction upon this Court to correct that error or review the order compelling arbitration.  ***See Maleski v. Mutual Fire, Marine and Inland Ins. Co.***, 633 A.2d 1143 (Pa. 1993) (quashing appeal from order compelling claims to arbitration and dismissing rather than staying claims pending arbitration); ***see also Sew Clean Drycleaners & Launders, Inc. v. Dress for Success Cleaners, Inc.***, 903

A.2d 1254, 1257 (Pa.Super. 2006) (holding order compelling arbitration is not a final, appealable order).

I submit that the order appealed herein, which only dismissed claims as to one of several parties, was not a final order under Pa.R.A.P. 341(b)(1) ("A final order is any order that . . . disposes of all claims and all parties."). Nor was there an express determination that an immediate appeal of the order disposing of "one or more but fewer than all of the claims and parties, . . . would facilitate resolution of the entire case." Pa.R.A.P. 341(c). It is not an order made final or appealable by statute even though not dispositive of all claims or parties. *See* Pa.R.A.P. 311(a)(8) and 42 Pa.C.S. § 7320(a). Nor is it a collateral order under Pa.R.A.P. 311. The order appealed from is interlocutory and non-appealable.

In my view, the instant case is governed by *Maleski* and *Schantz v. Gary Barbera Dodgeland*, 830 A.2d 1265 (Pa.Super. 2003), and I am unpersuaded by the majority's attempt to distinguish those cases in order to exercise jurisdiction over the instant appeal. In *Maleski*, after concluding that the order appealed from was interlocutory because the Commonwealth Court improperly relinquished jurisdiction, our High Court quashed the appeal without reaching the merits of whether the trial court properly compelled arbitration. In *Schantz*, this Court found the trial court's order transferring all claims to arbitration and dismissing the case to be interlocutory in reliance

upon **Maleski**. We quashed the appeal for lack of jurisdiction to review the merits.

The majority attempts to distinguish **Maleski** on two grounds, neither of which has any bearing on the threshold jurisdictional question. First, the majority cites its belief that the April 19, 2017 order operated to dismiss Somerton from the **arbitration** proceeding, a construction I find unreasonable. **See** Majority Memorandum at 7 (concluding that order compelling arbitration and dismissing Somerton from the case meant that "Fox would face no opposing party when the case proceeds to arbitration"). Secondly, the majority uses its subsequent merits determination that the wrongful death claim should not have been compelled to arbitration to support its finding that it was error to dismiss Somerton from the court case. In my view, both reasons beg the question of whether we have jurisdiction to entertain this appeal.

The majority notes that Mr. Fox cited **Stern v. Prudential Fin., Inc.**, 836 A.2d 953, 955 n.1 (Pa.Super. 2003), as conferring jurisdiction over the instant appeal, but offers no analysis regarding its applicability. **See** Majority Memorandum at 8 n.10. In **Stern**, the trial court sustained preliminary objections, dismissed the complaint, and ordered all parties to arbitration. On appeal, a panel of this Court conceded, in a footnote, that such orders are generally interlocutory. Nonetheless, we relied upon **Brown v. D & P Willow, Inc.**, 686 A.2d 14, 15 n.1 (Pa.Super. 1996), to hold that dismissal of the case

*in lieu* of a stay, together with the fact that arbitration was binding, were "sufficient trappings of finality" to make the order a final one.[1]

I submit that neither circumstance is present herein. In contrast to **Stern**, Mr. Fox's claims against the other defendants remain pending despite the order transferring his claims against Somerton to arbitration and dismissing that party from the court action. Moreover, the propriety of the order compelling arbitration, as well as certain facets of the arbitration proceeding itself, remain subject to appellate review upon entry of a final order.

Since we lack jurisdiction to correct the trial court's interlocutory order,[2] I would quash the instant appeal. Hence, I respectfully dissent.

---

[1] The facts in **Brown v. D & P Willow, Inc.**, 686 A.2d 14 (Pa.Super. 1996), are quite irregular. In **Brown**, after settlement of a case, there was a fee dispute between the attorneys who initially handled the case, and the attorneys subsequently retained to replace them. The trial court ordered the dispute to the Fee Dispute Committee of the county bar association for binding, non-appealable arbitration. Appellant appealed from the order and the question before this Court was "whether binding arbitration may be forced upon litigants by a court in the absence of any agreement to that effect?" **Id**. at 16. This Court found the order to be final and appealable because it put appellant out of court and rendered any decision final and non-appealable, without authority for such a directive. The order contained sufficient "trappings of finality" to permit an immediate appeal. **Id**. at 15 n.1.

[2] Upon remand, I see no reason why a party cannot seek reinstatement of the claims against Somerton and a stay pending arbitration. **See e.g. Maleski v. Mutual Fire, Marine and Inland Ins. Co.**, 633 A.2d 1143 (Pa. 1993) and **Schantz v. Gary Barbera Dodgeland**, 830 A.2d 1265 (Pa.Super. 2003).