J-A03001-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HAROLD R. BROSIUS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RICHARD FULTON FAGER, JR., | : | No. 725 MDA 2020 |
| BRYCE F. FAGER AND R.F. FAGER | : | |
| COMPANY | | |

Appeal from the Order Entered May 5, 2020
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2019-CV-7232

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:          **FILED: JANUARY 13, 2021**

Harold R. Brosius (Appellant) appeals from the order: (1) sustaining the preliminary objections filed by Richard Fager Jr. and R.F. Fager Company (Appellees); (2) directing the case to arbitration; and (3) dismissing the complaint against Appellees and against Bryce F. Fager (Appellee), without prejudice.[1]  Upon review, we quash this appeal as interlocutory but remand with instructions.

The trial court summarized the facts and procedural history as follows:

_____

[1] Appellee Bryce F. Fager did not respond to the complaint.  Nonetheless, the trial court dismissed the complaint against him, by order of May 6, 2020, for the reasons discussed in its May 5, 2020 order.  Appellees Bryce Fager and Richard Fager, Jr. filed a joint brief on appeal.  Appellee R.F. Fager Company filed a separate brief.

[Appellee] R.F. Fager Company ("the Company") is a wholesale plumbing, heating, cooling, roofing, electrical and industrial hose products company that operates out of several locations in central Pennsylvania. Since its incorporation in 1974, the Fager family has owned the majority of the Company shares and the Brosius family a minority. Currently, the majority shareholders are individual [Appellees] Richard Fulton Fager, Jr. and his son Bryce F. Fager. Richard is the Company President and Chairman of its Board of Directors and Bryce its Vice-President and Treasurer. [Appellant] Harold Brosius is the only current minority shareholder, owning approximately 18% of the Company's shares. His two brothers had previously been minority shareholders but the one brother agreed, following litigation in 2014, to sell his minority shares back to the Company. The other brother's shares were sold in 2017 by his estate, following his death. The current Shareholders' Agreement, to which [Appellant] is a party, was executed May 19, 2004. In addition to the existence of the arbitration clause, it also includes provisions creating a formula for redemption of Company shares upon a shareholder's departure and the method for setting a redemption price.

[Appellant] alleges that he informed the Company in 2017, 2018 and 2019 that he wanted his minority shares repurchased but has not gotten an offer close to fair value. Primarily, [Appellant] argues that over the past two decades, the Company has exhibited serial acts of minority shareholder oppression, self-dealing and breaches of fiduciary duty that have reduced the value of the Company by millions of dollars.

* * * *

In his Amended Complaint, [Appellant] asserts: Count I - Breach of Fiduciary Duty - Minority Shareholder Oppression; Count II - Misappropriation and Conversion of Corporate Assets; Count III - Review of Contested Corporate Action; Count IV - Appointment of Custodian Corporate Dissolution; and Count V - Civil Conspiracy. [Appellant] seeks that his shares be repurchased and that a proper measure of valuation be applied; that the individual [Appellees] account for damages caused by their actions and replace or reimburse the Company for corporate assets removed at their direction or as the result of their actions or improperly received into a common fund; appointment of a custodian for the

- 2 -

Company or, alternatively, involuntary dissolution of the Company; and costs and fees.

[Appellee] Company and the individual [Appellees] separately raised many preliminary objections to the Amended Complaint, including the existence in the Shareholders' Agreement of the following provision:

> 20. Arbitration. Any controversy or claim arising out of or relating to this Agreement shall be settled by arbitration, at Philadelphia, PA in accordance with the then current Rules for Commercial Arbitration of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.

This court sustained [Appellees'] preliminary objections because the claims raised by [Appellant] fall within the scope of this "unlimited arbitration clause."

Trial Court Opinion, 6/24/20,[2] at 1-3 (record citations omitted).

On May 5, 2020, the trial court issued an order, which reads in pertinent part:

The Court finds that [Appellant's] Claims . . . as well as remedies sought, set forth in [Appellant's] Complaint are disputes which fall with [sic] the scope of the Arbitration clause (Paragraph 20) of [sic] Shareholders Agreement negotiated among and executed by the Parties. [Appellant's] Complaint is dismissed without prejudice to his ability to proceed to arbitration.

The instant, timely appeal followed.[3]

_____

[2] In both its May 5, 2020 order and June 24, 2020 opinion, the trial court mistakenly lists the year as "2010." We have corrected this error.

[3] Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

On June 11, 2020, this Court issued an order to show cause as to why we should not dismiss this appeal as interlocutory. Appellant filed a response, which we discuss more fully below, on June 22, 2020. On July 29, 2020, we discharged the order but advised Appellant that this panel could revisit the issue.

On appeal, Appellant raises the following issue for our review:

> Was it error for the trial court to dismiss Appellant's amended complaint in its entirety on Appellees' preliminary objection based on the existence of an agreement to arbitrate where the claims pleaded in the amended complaint pertain to shareholder oppression and malfeasance by the majority shareholders that are unrelated to and beyond the scope of the underlying agreement?

Appellant's Brief at 4 (unnecessary capitalization omitted).

Prior to addressing Appellant's issue, we must first determine if this appeal is properly before us. "Generally, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties." *Spuglio v. Cugini*, 818 A.2d 1286, 1287 (Pa. Super. 2003). *See also* Pa.R.C.P. 341(b)(1) ("A final order is any order that . . . disposes of all claims and of all parties[,] or is entered as a final order pursuant to [Pa.R.C.P. 341(c)].") "The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications. If the practical effect of an order is to put an appellant out of court by precluding him from presenting the merits of his claim, the order is appealable." *West v. West*, 446 A.2d 1342 (Pa. Super. 1982) (citations and internal quotation marks omitted). This Court has said, "[f]or finality to occur, the trial court must

dismiss **with prejudice** the complaint in full." ***Mier v. Stewart***, 683 A.2d 930, 930 (Pa. Super. 1996) (emphasis added). ***See Niemiec v. Allstate Ins. Co.***, 721 A.2d 807 (Pa. Super. 1998) (holding order referring claim to arbitration, sustaining preliminary objections, and dismissing one count of complaint with prejudice was not final and appealable). Additionally, "this Court repeatedly has held that an order directing a matter to arbitration is not a final, appealable order but, rather, is an interlocutory order." ***Pennsy Supply, Inc. v. Mumma***, 921 A.2d at 1184, 1194 (Pa. Super. 2007) (citation omitted). ***See also Sew Clean Drycleaners and Launders, Inc. v. Dress for Success Cleaners, Inc.***, 903 A.2d 1254 (Pa. Super. 2006).

In his response to the order to show cause, Appellant does not dispute that, ordinarily, an order directing arbitration is not immediately appealable. Appellant's Response to Order to Show Cause, 6/22/20, at 3. Instead, Appellant makes two arguments: (1) the trial court erred in dismissing the complaint without prejudice rather than staying it pending completion of arbitration; and (2) under this Court's decision in ***Brown v. D.&P. Willow, Inc.***, 686 A.2d 14, 15 n.1 (Pa. Super. 1996), the order is appealable because the arbitration is binding. While we agree with Appellant that the trial court erred in dismissing the complaint without prejudice rather than issuing a staying during the pendency of arbitration, we do not agree that the order is a final order under ***Brown***.

In ***Schantz v. Dodgeland***, 830 A.2d 1265 (Pa. Super. 2003), we faced a nearly identical situation where the trial court sustained preliminary objections, directed the matter to arbitration, and dismissed the complaint. As in the instant matter, Schantz argued that by the dismissing the complaint, the trial court effectively put him out of court. ***Id.*** at 1266. While holding the appeal was interlocutory, we found the trial court erred in dismissing the complaint; rather, the correct procedure was to stay it pending arbitration. ***Id.*** Accordingly, although we quashed the appeal as interlocutory, we directed the trial court, upon motion of a party, to reinstate the complaint and stay the action pending arbitration. ***Id.*** at 1266-67. Therefore, while ***Schantz*** supports Appellant's contention that the trial court erred in dismissing, rather than staying the complaint, and provides guidance on how to redress that error, it does not support Appellant's argument that the order is immediately appealable.

Appellant's reliance on ***Brown***, ***supra*** is equally unavailing. ***Brown*** involved a fee dispute between a lawyer and his ex-client. ***Brown***, ***supra*** at 15-16. There was no arbitration agreement between the parties; rather the trial court, *sua sponte*, ordered the parties to participate in the local bar association's **voluntary** fee dispute program and further stated the decision of the program "was to be final and binding on the parties." ***Id.*** at 16. On appeal, this Court framed the issue as, "whether binding arbitration may be forced upon litigants by a court in the absence of any agreement to that

- 6 -

effect?" *Id.* After exploring the voluntary nature of the fee dispute program, we stated, "[t]he court below attempted to convert the voluntary, non-binding nature of the dispute-resolution-process into a final, non-appealable decision imposed upon non-consenting parties to the process. This is not permissible." *Id.* at 17 (citation omitted). The only discussion regarding appealability comes in a footnote. *Id.* at 15 n.1.

Appellant's reliance on our decision in *Stern v. Prudential Financial, Inc.*, 836 A.2d 953, 955 n.1, which relied on *Brown*, is also misplaced. Like *Brown*, the dispute in *Stern* was over the existence of an arbitration agreement, not whether the allegations in the complaint fell within a valid arbitration agreement. *Stern*, *supra* at 854. The brief discussion in *Stern* concerned the proper method for resolving preliminary objections when there is a factual dispute between the parties. *Id.* at 854-55. Because the dispute was whether the defendants had agreed to waive the arbitration clause in order to retain the plaintiff's business, a proper resolution of the dispute was critical. *Id.* at 854-55. The only discussion regarding appealability comes in a footnote where the panel cites to a footnote in *Brown* for the proposition that an order compelling arbitration is final and appealable if the trial court dismisses the case and if the arbitration is binding. *Id.* at 955 n.1.

This case is factually distinct from both *Brown* and *Stern*. Moreover, while Appellant states in his response to the rule to show cause that the arbitration is "binding," Appellant's Response to Order to Show Cause,

6/22/20, at 2, he fails to cite to anything in the record to supports this claim. There is simply no language in either the arbitration clause or the May 5, 2020 order, cited above, making the arbitration binding. Accordingly, Appellant does not meet the criteria set forth in **Brown** and **Stern** to render the order immediately appealable.

For the reasons discussed above, we are constrained to quash this appeal as interlocutory and strike the case from the argument list. However, because the trial court erred in dismissing the complaint without prejudice, rather than staying it pending arbitration, we remand and direct the trial court, upon motion of a party, to reinstate Appellant's complaint and stay the action pending the resolution of arbitration.

Appeal quashed. Case stricken from argument list. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/13/2021