J-S32017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GARRETT T. ZAUCHA AND LISA R. ZAUCHA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 556 WDA 2021 |
| BIK HA CHAN AND RICKY CHEN | : | |

Appeal from the Order Entered April 7, 2021
In the Court of Common Pleas of Westmoreland County
Civil Division at 2043 of 2020

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: OCTOBER 25, 2021**

Appellants Garrett T. Zaucha and Lisa R. Zaucha (the Zauchas) appeal from the order: (1) sustaining the preliminary objections filed by Bik Ha Chan and Ricky Chen (Appellees); (2) directing the case to mediation; and (3) dismissing the Zauchas' complaint.  Upon review, we quash as interlocutory, but remand with instructions.

The trial court explained:

The instant case was initiated with [the Zauchas'] filing of a complaint on or about June 1, 2020.  Preliminary objections were subsequently filed by [Appellees] and briefed by the parties.  Argument on the objections was heard before this Court on February 23, 2021.  The Order of Court ruling on the preliminary objections and presently on appeal was filed on or about April 7, 2021, dismissing [the Zauchas'] complaint.  [They] timely appealed and filed their Concise Statement of Errors Complained of on Appeal on June 4, 2021.

[The Zauchas'] claims stem from a May 31, 2018 sale from [Appellees] to [the Zauchas] of residential property in Penn Township, Westmoreland County. [The Zauchas] allege that [Appellees] concealed various defective conditions on the property prior to the sale. [The Zauchas'] four-count complaint contains claims for breach of the Pennsylvania Real Estate Seller Disclosure Law, fraudulent misrepresentation, violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law and fraudulent concealment. In their preliminary objections, [Appellees] argued that the complaint should be dismissed under Pa.R.C.P. 1028(a)(6) for failure to engage in agreed-upon alternative dispute resolution as set out in the Agreement of Sale for the Property. [Paragraph 27 of the Sales Agreement provides, in its entirety:

> 27. MEDIATION (1-10)
>
> Buyer and Seller **will submit all disputes or claims that arise from this Agreement**, including disputes and claims over deposit monies, **to mediation**. Mediation will be conducted in accordance with the Rules and Procedures of the Home Sellers/Home Buyers Dispute Resolution System, unless it is not available, in which case Buyer and Seller will mediate according to the terms of the mediation system offered or endorsed by the local Association of Realtors. Mediation fees, contained in the mediator's fee schedule, will be divided equally among the parties and will be paid before the mediation conference. **This mediation process must be concluded before any party to the dispute may initiate legal proceedings in any courtroom**, with the exception of filing a summons if it is necessary to stop any statute of limitations from expiring. **Any agreement reached through mediation and signed by the parties will be binding. Any agreement to mediate disputes or claims arising from this Agreement will survive settlement.**

Sales Agreement, 4/27/18, at ¶ 27.] This [c]ourt agreed, and dismissed the complaint with instructions to pursue alternative dispute resolution[].

Trial Court Opinion, 6/21/21, at 2 (emphases added).

As noted above, we find this appeal interlocutory. *See Forrester v. Hanson*, 901 A.2d 548, 554 (Pa. Super. 2006) (Superior Court may raise issue of jurisdiction *sua sponte*) (citation omitted). "This Court does not have jurisdiction to entertain an appeal from a non-appealable, interlocutory order." *Id.* (citation omitted).

"Generally, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties." *Spuglio v. Cugini*, 818 A.2d 1286, 1287 (Pa. Super. 2003). *See also* Pa.R.C.P. 341(b)(1) ("A final order is any order that ... disposes of all claims and of all parties, or is entered as a final order pursuant to [Pa.R.C.P. 341(c)]"). "The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications. If the practical effect of an order is to put an appellant out of court by precluding him from presenting the merits of his claim, the order is appealable." *West v. West*, 446 A.2d 1342 (Pa. Super. 1982) (citations omitted). "For finality to occur, the trial court must dismiss **with prejudice** the complaint in full." *Mier v. Stewart*, 683 A.2d 930, 930 (Pa. Super. 1996) (emphasis added). *See Niemiec v. Allstate Ins. Co.*, 721 A.2d 807 (Pa. Super. 1998) (order sustaining preliminary objections, referring case to arbitration, and dismissing one count of complaint with prejudice was not final and appealable). Additionally, "this Court repeatedly has held that an order directing a matter to arbitration is not a final, appealable order but, rather, is

an interlocutory order."[1]  ***Pennsy Supply, Inc. v. Mumma***, 921 A.2d at 1184, 1194 (Pa. Super. 2007) (citation omitted).  ***See also Sew Clean Drycleaners and Launders, Inc. v. Dress for Success Cleaners, Inc.***, 903 A.2d 1254 (Pa. Super. 2006); ***but see Brown v. D.&P. Willow, Inc.***, 686 A.2d 14, 15 n.1 (Pa. Super. 1996) (order compelling arbitration is final and appealable if trial court dismisses case and arbitration is binding).

Here, the parties' sales agreement specifies "all disputes and claims" shall be submitted to mediation, which will be binding only if both parties reach (and sign) an agreement.  On this basis, the trial court entered the order granting preliminary objections and directing the case to mediation.  Because the order did not "dispose of all claims and all parties," it was not final and appealable.  We therefore quash the appeal as interlocutory.

However, with respect to the court's dismissal of the Zauchas' complaint, we were presented with a similar scenario in ***Schantz v. Dodgeland***, 830 A.2d 1265 (Pa. Super. 2003), where the trial court sustained preliminary objections, directed the matter to ADR, and dismissed the complaint.  On appeal, Schantz argued that by dismissing the complaint, the

---

[1] Although this case involves mediation rather than arbitration, both processes are legal means of alternative dispute resolution (ADR).  ***See*** Black's Law Dictionary, 36 (5th Pocket ed. 1996) (defining alternative dispute resolution as "[a]ny procedure for settling a dispute by means other than litigation, as by arbitration or mediation.").  We have found no precedent indicating that mediation cases should be treated differently than arbitration cases when preliminary objections are sustained pursuant to Pa.R.Civ.P. 1028(a)(6).

trial court effectively placed him out of court. *Id.* at 1266. This Court agreed. Although the appeal was interlocutory, we found the trial court erred in dismissing the complaint, and the proper procedure was for the trial court to stay the case pending ADR. *Id.* Accordingly, although we quashed the appeal as interlocutory, we directed the trial court, upon motion of a party, to reinstate the complaint and stay the action pending ADR. *Id.* at 1266-67. Consistent with *Schantz*, we remand with directions for the trial court, upon motion of a party, to reinstate the Zauchas' complaint and stay the action pending mediation.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2021