J-S13009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SHANGHAI CHESTNUT OAK IMPORT & EXPORT CO., LTD. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CATSKILL TIMBER INDUSTRIES, INC. | |
| Appellee | No. 1315 MDA 2019 |

Appeal from the Order Entered July 3, 2019
In the Court of Common Pleas of Lycoming County
Civil Division at No: CV-2018-0001859-CV

BEFORE:  STABILE, J., DUBOW, J., and PELLEGRINI,[*] J.

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 10, 2020**

Appellant, Shanghai Chestnut Oak Import & Export Co., Ltd., appeals from the July 3, 2019 order sustaining the preliminary objections of Appellee, Catskill Timber Industries, Inc., and dismissing Appellant's complaint with prejudice.  We reverse and remand.

Appellant is a Chinese business located in Shanghai, China.  Appellee is a Delaware Corporation with its principal place of business in New Jersey.  The parties entered a contract whereby Appellee was to ship to Appellant ten containers of ash logs at a price of $96,187.50.  Appellant claims the logs were supposed to come from northern Pennsylvania trees.  Appellee denies this, noting that the contract does not specify the place of origin of the lumber.

---

[*] Retired Senior Judge assigned to the Superior Court.

J-S13009-20

Appellant filed this action in the Lycoming County Court of Common Pleas on December 13, 2018, alleging causes of action in breach of contract and unjust enrichment. On February 8, 2019, Appellee filed a preliminary objection under Pa.R.C.P. No. 1028(a)(1),[1] alleging that the court lacked personal jurisdiction. The trial court heard argument on March 19, 2019, and subsequently permitted each party to submit a brief and affidavit. After consideration of the parties' briefs and affidavits, the trial court sustained Appellee's preliminary objection. It also denied Appellant's request for limited discovery on the jurisdictional issue. This timely appeal followed.

Appellant raises a single issue: "Did the trial court err when it refused to allow the Appellant to conduct limited discovery into the jurisdictional issues raised by Appellee in its preliminary objection?" Appellant's Brief at 8.

We review an order granting preliminary objections as follows:

> In reviewing an order sustaining preliminary objections, our standard of review is *de novo* and our scope of review is plenary. We must determine whether the trial court committed an error of law. When a defendant challenges the court's assertion of personal jurisdiction, that defendant bears the burden of supporting such objections to jurisdiction by presenting evidence. The burden of proof only shifts to the plaintiff after the defendant

---

[1] Rule 1028(a)(1) provides, in relevant part:

> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

> (1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint;

Pa.R.C.P. No. 1028(a)(1).

- 2 -

has presented affidavits or other evidence in support of its preliminary objections challenging jurisdiction.

*Trexler v. McDonald's Corp.*, 118 A.3d 408, 412 (Pa. Super. 2015) (internal citations and quotation marks omitted). "This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion." *Excavation Techs., Inc. v. Columbia Gas Co. of Pennsylvania*, 936 A.2d 111, 113 (Pa. Super. 2007), *aff'd*, 985 A.2d 840 (Pa. 2009). "When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case if free and clear of doubt." *Id.*

Rule 1028(c)(2) provides that when "an issue of fact is raised, the court **shall** consider evidence by depositions or otherwise." Pa.R.C.P. No. 1028(c)(2)(emphasis added). Objections to *in personam* jurisdiction under Rule 1028(a)(1) are among the preliminary objections that cannot ordinarily be determined from the facts of record. Pa.R.C.P. No. 1028(c)(2), note. Indeed, where preliminary objections based on personal jurisdiction are at issue, "[t]he court may not reach a determination based upon its view of the controverted facts, but must resolve the dispute by receiving evidence thereon through interrogatories, depositions, or an evidentiary hearing." *Schmitt v. Seaspray-Sharkline, Inc.*, 531 A.2d 801, 803 (Pa. Super. 1987).

> Where an essential factual issue arises from the pleadings as to the scope of a defendant's activities within the Commonwealth, **the plaintiff has the right to depose defendant as to his activities within the Commonwealth, and the court must permit the taking of the deposition**

**before ruling on the preliminary objections.** Where neither party presents evidence by which the court can properly resolve the issue, it is appropriate to remand with directions that an order be entered allowing the parties a reasonable period of time in which to present evidence by deposition, interrogatories or otherwise.

*Id.* at 803 (emphasis added).

The trial court relied in part on *Slota v. Moorings*, 494 A.2d 1, 3-4 (Pa. Super. 1985), wherein the plaintiffs sued a company organized under the laws of the British West Indies for injuries the plaintiffs allegedly sustained at the defendant's hotel. The defendant had no place of business in Pennsylvania, and it filed preliminary objections to jurisdiction. The defendant submitted affidavits explaining its basis for disputing jurisdiction. The plaintiffs alleged the contract for lodging was entered into in Pennsylvania and that the defendant conducted business continuously and systematically in Pennsylvania. *Slota*, 494 A.2d*.* at 3. The trial court decided, based on affidavits from the defendant, that Pennsylvania did not have personal jurisdiction over it. This Court observed that "this is not a recommended procedure," and that "[i]t would have been preferable to proceed by depositions or written interrogatories." *Id.* Nonetheless, because the plaintiff countered defendant's affidavits with a deposition amounting to nothing more than "rumor, surmise, and conjecture," we affirmed the order sustaining the defendant's preliminary objections.

In *Stern v. Prudential Fin., Inc.*, 836 A.2d 953 (Pa. Super. 2003), the defendant filed preliminary objections alleging that the plaintiff's complaint

should be dismissed because of an arbitration provision in the parties' contract. The trial judge, "based solely on affidavits, found that the arbitration provision was valid and enforceable and not waived by [the defendant]." *Id.* at 953-54. This Court noted that the plaintiff's affidavit alleged that the defendant agreed to waive the arbitration provision when plaintiff threatened to pull his account from defendant. *Id.* at 954. The defendant's affidavit disputed the fact of waiver. *Id.* In *Stern*, unlike *Slota*, the affidavits did not present a case of clear, specific, and undisputed facts. *Id.* at 955. We therefore reversed the order sustaining preliminary objections and remanded for the development of additional evidence by depositions, interrogatories, or other discovery. *Id.*

Instantly, as in *Stern* and *Slota*, the trial court decided the preliminary objections based on competing affidavits. Appellant's affidavit, from its owner, Thomas Han, reads as follows:

> 1.  From my knowledge and familiarity with the timber import/export business, Ulrich von Hollen and his company, [Appellee], regularly buys and sells ash trees from the Commonwealth of Pennsylvania. This is a significant portion of his business.
>
> 2.  The contract I entered into with [Appellee] was for the purchase and shipment of ash logs from Northern Pennsylvania. While this provision was not in the written agreement, this term was discussed and agreed with Mr. von Hollen.
>
> 3.  The ash logs delivered late and without proper documentation were from southern and western Pennsylvania. I know this from Mr. von Hollen's statements to me.

4. I wanted Norther Pennsylvania ash logs because their quality is higher and their value higher.

Thomas Han Affidavit, 4/8/19, at ¶¶ 1-4.

In his affidavit, Ulrich von Hollen, Appellee's owner, averred in pertinent part as follows:

2. [Appellee] has its principal place of business located at P.O. Box 615, Oldwick, Hunterdon County, New Jersey.

3. [Appellee] does not have an office or bank account in Pennsylvania.

4 [Appellee] does not have a telephone number in Pennsylvania or otherwise maintain a business presence in Pennsylvania.

5. [Appellee] is in the business of purchasing logs from suppliers and then shipping those logs based upon customer demand.

6. [Appellee] purchases the logs directly from its suppliers "F.O.B." or at the port from which the logs will ship already loaded in shipping containers.

7. [Appellee] has not purchased any logs from a supplier located in Pennsylvania for many years.

8. The last logs I purchased in Pennsylvania were purchased between ten (10) and twelve (12) years ago through a different business I then owned.

9. All logs [Appellee] presently buys are purchased from suppliers located in Ohio, Indiana, Kentucky, West Virginia, the New England states, and Ontario, Canada.

10. None of [Appellee's] suppliers are located in either Pennsylvania or New York at present.

11. The origin of the logs that my suppliers provide are from all over and, while some logs may originate from Pennsylvania, as logs are shipped across state lines all the time, [Appellee] does not control the origin of the logs its suppliers purchase.

12. In a given transaction, [Appellee] may purchase logs from a supplier located in Indiana with logs that originated in Kentucky or Indiana, or [Appellee] may purchase logs from a supplier in Ohio with logs that originated in Kentucky, Indiana, Pennsylvania or sometimes West Virginia.

13. The written agreement at issue in [this litigation] was entered into between a New Jersey company and a Chinese company.

14. The written agreement does not specify Pennsylvania ash and there is no reference to Pennsylvania at all in the written agreement.

15. At no time relevant to the transaction at issue in [this litigation] did [Appellee] purchase logs from a supplier in Pennsylvania.

16. [Appellee] does not regularly do business within the Commonwealth of Pennsylvania or with business located within Pennsylvania.

17. The logs at issue in [this litigation] were not purchased from a supplier located in Pennsylvania and did not originate from Pennsylvania.

18. Any partial webpage screenshot attached to [Appellant's] briefing […] is many years outdated and the webpage has not been updated to reflect the current nature of [Appellee's] business.

19. That being said, even if logs sold originated in Pennsylvania, they were not purchased from a supplier located in Pennsylvania.

20. If I were deposed in connection with [this litigation], my testimony regarding the nature of [Appellee's] business and its lack of contacts with Pennsylvania would be consistent with my statements contained herein.

Ulrich von Hollen Affidavit, undated, at ¶¶ 2-20.

In summary, Appellant alleged that Appellee regularly buys and sells

logs from Pennsylvania, and that Appellee expressly agreed to provide

Pennsylvania logs in this case. Appellant also documented that Appellee's website advertises the selling of Pennsylvania lumber. Appellee denies having any control over the state of origin of the lumber it sells, and denies promising to provide Pennsylvania lumber. These affidavits directly contradict one another, and therefore give rise to a dispute of fact. Appellee could not advertise Pennsylvania lumber for sale on its website and promise delivery of Pennsylvania lumber in this case unless it could direct the activities of suppliers within this state. Thus, Appellee's averments—that it has no control over the source of the lumber—directly contradict Appellant's in its affidavit. As explained above, the Pennsylvania Rules of Procedure provide that a trial court "shall" consider evidence by depositions or otherwise where a preliminary objection raises an issue of fact. Pa.R.C.P. No. 1028(c)(2). Further, this Court in **Schmitt** held that the plaintiff has the right to depose the defendant as to its activities in the Commonwealth when the pleadings raise issues of fact. **Schmitt**, 531 A.2d at 803. This case, unlike **Slota**, does not involve clear, specific, and undisputed facts that are apparent from the parties' affidavits. The trial court erred in finding that the affidavits did not conflict.

In closing, we note that the trial court did not cite to applicable precedent when addressing the jurisdictional issues. The Due Process Clause of the Fourteenth Amendment to the United States Constitution limits a state's authority to exercise personal jurisdiction over a non-resident defendant,

depending on the extent of the defendant's contacts with the state. *Hammons v. Ethicon*, 190 A.3d 1248, 1261 (Pa. Super. 2018) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)), *appeal granted*, 206 A.3d 495 (Pa. 2019). A state may exercise general jurisdiction over a corporation, *i.e.* all-purpose jurisdiction, where the company is incorporated or has its principal place of business in that state. *Id.* (citing *Daimler AG v. Bauman*, 571 U.S. 117, (2014)).[2] The *Daimler* Court noted that existing jurisprudence did not "hold that a corporation may be subject to general jurisdiction *only* in a place where it is incorporated or has its principal place of business." *Daimler*, 571 U.S. at 138 (emphasis in original). Rather, the places in incorporation and principal place of business are "paradigm all-purpose forums." *Id.* In the case before it, the *Daimler* Court declined to look beyond those paradigm forums, deeming an analysis of the company's "substantial, continuous, and systematic course of business" within the forum

---

[2] Section 5301 of the Pennsylvania Judicial Code permits general jurisdiction over a corporation as follows:

(2) Corporations.--

(i) Incorporation under or qualification as a foreign corporation under the laws of this Commonwealth.

(ii) Consent, to the extent authorized by the consent.

(iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

42 Pa.C.S.A. § 5301(a)(2).

to be "unacceptably grasping." *Id.* The Supreme Court allowed that, in an "exceptional case," a corporate defendant's operations "may be so substantial and of such a nature as to render the corporation at home" in a state in which it is not incorporated and does not have its principal place of business. *Id.* at 139 n.19.

In our recent decision in *Fulano v. Fanjul Corp.*, ___ A.3d ___, (Pa. Super. July 10, 2020), this Court considered whether the plaintiff had established an "exceptional case" for general jurisdiction over a defendant incorporated and with its principal place of business in Tennessee. Fewer than 20 of the defendant's 100 distributers were licensed to do business in Pennsylvania, and less than 3% of its total sales revenue came from products shipped directly to Pennsylvania. Its only physical presence in this Commonwealth was a leased warehouse in Bucks County. This Court declined to find general jurisdiction over the defendant in these circumstances. We relied on *BNSF Ry. Co. v. Tyrell*, 137 S.Ct. 1549 (2017), wherein the United States Supreme Court declined to find an exceptional case for general jurisdiction in Montana over a railroad company that had more than 2,000 miles of track and more than 2,000 employees in that state. The *BNSF* Court wrote that the inquiry as to general jurisdiction "calls for an appraisal of a corporation's activities in their entirety; a corporation that operates in many places can scarcely be deemed to be at home in all of them." *Id.* at 1559.

In addition, a state may exercise specific jurisdiction over a corporation where the action arises from the corporation's activity within the state's borders.[3] **Hammons**, 190 A.3d at 1262 (citing **Bristol Myers Squib Co. v. Superior Court of California**, **San Francisco County**, 137 S.Ct. 1773 (2017)).

In its brief, Appellant argues for general jurisdiction based on its allegation that Shanghai conducts a "continuous and systematic part of its general business within this Commonwealth." Appellant's Brief at 12 (quoting 42 Pa.C.S.A. § 5301(a)(2)(iii)). Appellant disavows any argument for specific jurisdiction in light of the trial court's refusal to accept parol evidence on whether the parties agreed to logs sourced from Pennsylvania. **Id.** Appellant has not challenged the trial court's application of the parol evidence rule. Moreover, Appellant does not argue that Appellee consented to jurisdiction in Pennsylvania.

As noted above, Appellee is incorporated in Delaware and has its principal place of business in New Jersey. Neither party addressed **Daimler**, **BNSF**, or **Hammons** in its brief. **Fulano** post-dated the filing of this appeal. Thus, we have no advocacy on those case and the implications they have for the general jurisdiction over Appellee under § 5301(a)(2)(iii) on the facts of

---

[3] Pennsylvania's Long Arm statute lists the circumstances under which this Commonwealth will exercise specific jurisdiction over corporations from outside of the Commonwealth. 42 Pa.C.S.A. § 5322.

this case. On remand, Appellant can establish general jurisdiction over Appellee if and only if the exercise of such jurisdiction meets the constitutional criteria set forth in the jurisprudence of the United States Supreme Court and the applicable binding precedent from Pennsylvania courts.

For the foregoing reasons, we reverse the order sustaining Appellee's preliminary objections and remand for further proceedings consistent with this memorandum.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/10/2020