J-S38029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| M.O., (A MINOR AT ALL REVELANT TIMES), BY TANIA ORENSTEIN AND JEREMY ORENSTEIN H/W AS PARENTS AND NATURAL GUARDIANS | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : | No. 422 EDA 2025 |
| LAVCO, LLC D/B/A CAMP LAVI, AND JOHN DOES (1-99) | : : | |

Appeal from the Order Entered January 17, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 240800817

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.: **FILED DECEMBER 30, 2025**

Appellant, M.O., (a minor at all relevant times), by Tania Orenstein and Jeremy Orenstein H/W as parents and natural guardians, appeals from the order entered in the Philadelphia County Court of Common Pleas, which sustained the preliminary objection of Lavco, LLC D/B/A Camp Lavi, ("Appellee" or "Camp Lavi"), and transferred this case to Wayne County.[1] We affirm.

_____

[1] This appeal is properly before us as an interlocutory order as of right under Rule of Appellate Procedure 311. **See** Pa.R.A.P. 311(c) (permitting interlocutory appeal as of right from order changing venue of civil action); **Winner v. Progressive Advanced Ins. Co.**, ___ A.3d ___, 2025 WL 2716494 (Pa.Super. filed Sept. 24, 2025) (stating: "Under the rule, an appeal may be taken as of right from an order in a civil action or proceeding changing venue or transferring the matter to another court of coordinate jurisdiction").

The relevant facts and procedural history of this case are as follows. This matter arises out of incident which occurred on August 9, 2022, at Camp Lavi in Lakewood, Pennsylvania. M.O, who was attending Camp Lavi at the time, was injured when struck in the chest with a baseball while playing a game at the camp. M.O. is a resident of Great Neck, New York. The defendants are Appellee and John Does.[2] Appellee is a Pennsylvania limited liability company with a principal business address in Lakewood, Wayne County, Pennsylvania.

On August 6, 2024, Appellant filed a complaint in the Philadelphia County Court of Common Pleas against Appellee. Appellee filed preliminary objections to the complaint on September 17, 2024, pursuant to Rule of Civil Procedure 1028(a)(1), arguing in part that Philadelphia County was an improper venue for the case. The trial court issued a rule to show cause why the preliminary objections should not be sustained. On November 8, 2024, Appellee submitted a supplemental affidavit by Sean Steinmetz in support of its preliminary objections. In his affidavit, Mr. Steinmetz, the director of Camp Lavi, stated that the camp had no connection with Philadelphia.

On January 16, 2025, after the parties conducted additional discovery and submitted supplemental briefs to the court, the trial court sustained

---

[2] Appellant designated John Does (1-99) as defendants added to this action where their actual names/identity are unknown despite a reasonable and diligent search. Appellant reserved the right to amend the complaint and name defendants pursuant to Rules of Civil Procedure 2005 and 1033.

Appellee's preliminary objections to venue and transferred this case to Wayne County.  On February 11, 2025, Appellant filed a timely notice of appeal. Pursuant to the court's order, Appellant filed a concise statement of errors complained of on appeal on March 11, 2025.

Appellant raises the following issues on appeal:

> 1. Did the trial court abuse its discretion when it determined that [Appellee] had sustained its burden of proof to support transfer of this case when the proofs submitted regarding its business activities in [Appellant's] chosen venue were nothing more than legal conclusions accompanied by a copy of the complaint and the docket sheet?
>
> 2. Did the trial court abuse its discretion when it determined that [Appellee] had sustained its burden of proof to support transfer of this case when the proofs submitted regarding its business activities in [Appellant's] chosen venue were contradictory?

(Appellant's Brief at 4).

In his first issue, Appellant argues that the trial court erred in sustaining Appellee's preliminary objections based solely on the affidavit of Mr. Steinmetz.  Appellant contends that the affidavit and attached exhibits submitted by Appellee were insufficient to meet its burden of proving that it did not regularly conduct business in Philadelphia.  Appellant claims that in *Stern v. Prudential Securities Inc.*, 836 A.2d 953 (Pa.Super. 2003), this Court held that the *Nanty-Glo*[3] rule barring summary judgment based solely

_____

[3] *Nanty–Glo Borough v. American Surety Co.*, 309 Pa. 236, 163 A. 523 (1932).

on oral testimony, applies to preliminary objections as well. Appellant insists that similar to the requirement that parties moving for summary judgment may not rely exclusively upon oral testimony, preliminary objections must also be supported by non-testamentary evidence. Appellant concludes that the trial court erred by sustaining Appellee's preliminary objections without adequate supporting evidence, and this Court must grant relief. We disagree.

This Court has explained our standard of review as follows:

> A trial court has discretion to determine the lack of need for further discovery on the issue of venue, and we review its decision in that regard for abuse of discretion. **See Fritz v. Glen Mills Sch.**, 840 A.2d 1021 (Pa.Super. 2003). "[T]he court abuses its discretion if, in resolving the issue for decision, it misapplies the law, exercises its discretion in a manner lacking reason, or does not follow legal procedure." **Continental Cas. Co. v. Pro Machine**, 916 A.2d 1111, 1115–16 (Pa.Super. 2007).

**Deyarmin v. Consol. Rail Corp.**, 931 A.2d 1, 7 (Pa.Super. 2007), *appeal denied*, 597 Pa. 706, 948 A.2d 805 (2008).

Further:

> The moving party has the burden of supporting its objections to the court's jurisdiction.[4] Once the plaintiff has produced some evidence to support jurisdiction, the defendant must come forward with some evidence of his own to dispel or rebut the plaintiff's evidence. The moving party may not sit back and, by the bare allegations as set forth in the preliminary objections, place the burden upon the plaintiff to negate those allegations. It is only when the

---

[4] The **Deyarmin** Court explained that "for procedural purposes, objections to venue are treated as raising a question of jurisdiction." **Deyarmin, supra** at 9 (quoting **County Constr. Co. v. Livengood Constr. Corp.**, 393 Pa. 39, 44, 142 A.2d 9, 13 (1958)).

moving party properly raises the jurisdictional issue that the burden of proving jurisdiction is upon the party asserting it. If an issue of fact is raised, the court shall take evidence by deposition or otherwise. The court may not reach a determination based upon its view of the controverted facts, but must resolve the dispute by receiving evidence thereon through interrogatories, depositions, or an evidentiary hearing. Where an essential factual issue arises from the pleadings as to the scope of a defendant's activities within the Commonwealth, the plaintiff has the right to depose defendant as to his activities within the Commonwealth, and the court must permit the taking of the deposition before ruling on the preliminary objections. Where neither party presents evidence by which the court can properly resolve the issue, it is appropriate to remand with directions that an order be entered allowing the parties a reasonable period of time in which to present evidence by deposition, interrogatories or otherwise.

***Deyarmin, supra*** at 9 (quoting ***Schmitt v. Seaspray–Sharkline, Inc.***, 531 A.2d 801 (Pa.Super. 1987)).

Instantly, after receipt of Appellee's preliminary objections, the trial court issued an order directing the parties to submit supplemental briefs on the issue of venue. The court stated that all parties were "permitted to conduct discovery limited to the issue of venue, to include both affidavits and depositions as the parties deem necessary." (***See*** Trial Court Order, 10/10/24). Appellee filed the affidavit of Mr. Steinmetz, director of Camp Lavi, and produced Mr. Steinmetz for a venue deposition on November 13, 2024, the transcript of which was attached to Appellee's supplemental brief in support of the preliminary objections. (***See*** Appellee's Supplemental Brief, filed 12/12/24, at Exhibit D). Appellant submitted his supplemental brief in opposition to the preliminary objections on December 13, 2024, which

included numerous exhibits, including the deposition transcript. The trial court issued its order sustaining Appellee's preliminary objection as to venue after considering the supplemental briefs and attachments thereto.

We cannot say that the court abused its discretion by ruling on the preliminary objections based on the record before it. *See Deyarmin, supra*. Upon receipt of the preliminary objections to venue, the court issued a rule to show cause and ordered that the parties conduct additional discovery and briefing on the matter of whether venue was appropriate in Philadelphia County. *See id.* The parties conducted the additional discovery, which included Appellant taking the deposition of Appellee's representative, Mr. Steinmetz. Thus, the court did not rely solely on Mr. Steinmetz's affidavit when issuing its ruling. Instead, the court made its decision based on the developed evidentiary record before it concerning venue. *Id.* Accordingly, Appellant's first issue merits no relief.[5]

_____

[5] Regarding Appellant's attempt to apply the *Nanty-Glo* rule in this case, we observe that *Stern, supra*, the case on which Appellant relies in support of this claim, is distinguishable from the facts at bar. In *Stern*, on appeal from an order sustaining preliminary objections, this Court noted that the trial court had relied solely on conflicting affidavits, and, drawing a similarity in the procedural posture of that case to cases involving summary judgment, held that the trial court erred in sustaining the objections and dismissing the case. As such, this Court reversed and remanded for the development of additional evidence by depositions, interrogatories, or other discovery. *See id.* at 955. The instant case is distinguishable from *Stern* because here the court's ruling was not based solely on conflicting affidavits, and the court had already permitted additional discovery related to the issue of venue.

In his second issue, Appellant argues that the trial court erred by sustaining Appellee's preliminary objections and transferring this case to Wayne County. Appellant asserts that Appellee did not meet its burden to prove that venue was improper in Philadelphia County. First, Appellant relies on Appellee placing an advertisement in the Philadelphia Jewish Exponent, and emphasizes that Appellee made dozens of posts advertising camper and staff positions on Instagram and X, both of which Appellant argues have a national reach. Next, Appellant maintains that the organization NJCD Yachad, which is headquartered in Philadelphia, pays approximately $460,000.00 annually to send approximately 40 campers to Camp Lavi. Finally, Appellant notes that several campers from Philadelphia County have attended Camp Lavi. Appellant concludes that the trial court erred by sustaining the preliminary objections and transferring venue on these grounds, and this Court must grant relief. We disagree.

Our standard of review of an order sustaining preliminary objections and transferring venue is well settled. "We review an order sustaining preliminary objections asserting improper venue for an abuse of discretion." **Watson v. Baby Trend, Inc.**, 308 A.3d 860, 864 (Pa.Super. 2024) (citing **Hangey v. Husqvarna Prof. Prods.**, Inc., ___ Pa. ___, ___, 304 A.3d 1120, 1141 (2023)). "An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias

or ill will, as shown by the evidence or the record." ***Hangey, supra*** at \_\_\_, 304 A.3d at 1141 (quoting ***Zappala v. Brandolini Prop. Mgmt.***, Inc., 589 Pa. 516, 536, 909 A.2d 1272, 1284 (2006)). "An appellate court cannot find an abuse of discretion simply because it might have reached a different conclusion; '[i]f there exists any proper basis for the trial court's decision to transfer venue, the decision must stand.'" ***Id.*** (quoting ***Zappala, supra*** at 536, 909 A.2d at 1284).

This Court has explained that a

> [p]laintiff's choice of forum is to be given great weight, and the burden is on the party challenging the choice to show it was improper. However, a plaintiff's choice of venue is not absolute or unassailable. Indeed, if there exists any proper basis for the trial court's decision to grant a petition to transfer venue, the decision must stand.

***Wimble v. Parx Casino & Greenwood Gaming & Ent., Inc.***, 40 A.3d 174, 177 (Pa.Super. 2012) (quoting ***Fritz v. Glen Mills Schools***, 840 A.2d 1021, 1023 (Pa.Super. 2003)).

Venue is governed by Pennsylvania Rule of Civil Procedure 1006, which provides, in part:

> **(e) Improper Venue to be Raised by Preliminary Objection.** Improper venue shall be raised by preliminary objection and if not so raised shall be waived. If a preliminary objection to venue is sustained, and there is a county of proper venue within the State, the action shall not be dismissed but shall be transferred to the appropriate court of that county.

Pa.R.C.P. 1006(e). Rule 1006(b) further specifies that actions against "corporations and similar entities" may be brought only in the counties

- 8 -

designated by Rule 2179.  Rule 2179 states in relevant part:

> **(a) General Rule**.  Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, [governing venue in actions on an insurance company,] a personal action against a corporation or similar entity may be brought in and only in a county where
>
>> (1) the registered office or principal place of business of the corporation or similar entity is located;
>>
>> (2) the corporation or similar entity regularly conducts business;
>>
>> (3) the cause of action arose;
>>
>> (4) a transaction or occurrence took place out of which the cause of action arose; or
>>
>> (5) the property or a part of the property, which is the subject matter of the action, is located provided that equitable relief is sought with respect to the property.

Pa.R.C.P. 2179(a).  "The plaintiff generally gets to choose the forum so long as the requirements of personal and subject matter jurisdiction are satisfied. A party seeking a venue transfer therefore bears the burden of proving that a change of venue is necessary."  **Hangey**, **supra** at \_\_\_, 304 A.3d at 1142 (citations and internal quotation marks omitted).

Here, Appellant asserts that venue is proper in Philadelphia County based on Rule 2179(a)(2), arguing that Appellee regularly conducts business in Philadelphia County.  Our Supreme Court has explained:

> [I]n evaluating whether a company "regularly conducts business" in the forum county under Rule 2179(a)(2), courts are to perform the quality-quantity analysis first articulated in [**Shambe v. Delaware & Hudson R.R. Co.**, 288 Pa. 240, 246-47, 135 A. 755, 757 (1927)]:

> [T]he business engaged in must be sufficient in quantity and quality .... The term 'quality of acts' means those directly furthering, or essential to, corporate objects; they do not include incidental acts. ... By 'quantity of acts' is meant those which are so continuous and sufficient to be termed general or habitual. A single act is not enough. ... Each case must depend on its own facts[.]
>
> ***Shambe***, 135 A. at 757-58; ***see also*** [***Monaco v. Montgomery Cab Co.***, 417 Pa. 135, 142, 208 A.2d 252, 256 (1965)].

***Id. See also Monaco, supra*** at 144, 208 A.2d at 256 (stating: "The question is whether the acts are being 'regularly' performed within the context of the particular business").

In ***Purcell v. Bryn Mawr Hosp.***, 525 Pa. 237, 579 A.2d 1282 (1990), our Supreme Court considered whether Bryn Mawr Hospital regularly conducted business in Philadelphia for purposes of a venue analysis. There, the facts established that Bryn Mawr Hospital had contracts with residency programs of teaching hospitals in Philadelphia, recruited and employed medical residents from Philadelphia teaching hospitals, purchased goods and services from businesses in Philadelphia county, and maintained and paid for advertisements in the Philadelphia County Yellow Pages, the White Page Telephone Directory, and the Philadelphia Inquirer, and accepted a portion of its income from residents of Philadelphia County who chose Bryn Mawr Hospital. ***Id.*** at 241, 579 A.2d at 1283-84. Our Supreme Court evaluated these activities and decided that Bryn Mawr Hospital's activities in Philadelphia

- 10 -

County did "not amount to the quality of business activity which we contemplated in **Shambe** and its progeny." **Id.** at 247, 579 A.2d at 1287. The Court held that advertisements in Philadelphia's phone books and newspapers failed to meet the requirements for the exercise of venue, and clarified that "[m]ere solicitation of business in a particular county does not amount to conducting business." **Id.** at 248, 579 A.2d at 1287.

In **Kubik v. Route 252, Inc.**, 762 A.2d 1119 (Pa.Super. 2000), this Court considered whether the defendant restaurant's three activities— providing driving directions from Philadelphia to its restaurant on its website, sending an email newsletter regarding its restaurant, and selling gift certificates to Philadelphia County residents—met the requirements of regularly conducting business under the quality/quantity of contacts approach. Citing **Purcell**, this Court determining that the restaurant's driving directions and email newsletter did not constitute regularly conducting business. **Kubik, supra** at 1125. This Court explained that with respect to the sale of gift certificates, the "[r]estaurant's main purpose is not to sell gift certificates, but to sell food in its establishment. Certainly the sale of gift certificates is not necessary to its existence, but rather serves to aid ... [its] main purpose. Accordingly, the sale of gift certificates is merely incidental to its regular business." **Id.** (citation and internal quotation marks omitted). Thus, this Court concluded that the sale of gift certificates was a collateral act which was simply not enough to constitute regularly conducting business in

- 11 -

Philadelphia County. ***Id. Compare Hangey, supra*** at \_\_\_, 304 A.3d at 1149

(explaining that "when a company maintains a constant physical presence in

the forum county to perform acts that are 'directly, furthering, or essential to,

[its] corporate objects[,]' even when it does so through an authorized dealer,

its business activities are necessarily 'so continuous and sufficient to be

termed general or habitual'") (quoting ***Monaco, supra*** at 142, 208 A.2d at

256) (brackets in original).

In the instant case, the trial court evaluated the quality and quantity of

Appellee's activities in Philadelphia County. With respect to the quality of

Appellee's conduct, the trial court explained:

> [Appellee's] objectives necessary for its existence are as
> described by [Appellant] to "provide a camp experience to
> campers." (Plaintiff's Supplemental Brief, at 5). Based
> upon [Appellant's] description of [Appellee's] objectives
> necessary for its existence, the physical presence, business
> activities, and contacts that [Appellant] alleges [Appellee]
> has in Philadelphia County do not satisfy the quality
> standard.
>
> [Appellee's] advertising of itself to Philadelphia County
> residents, particularly the Jewish community members in
> Philadelphia County, through Instagram, X, and the
> Philadelphia Jewish Exponent's *Guide to Jewish Life* does not
> constitute providing "a camp experience to campers" in
> Philadelphia County. Instead, like in ***Purcell***, [Appellee's]
> advertising of itself to Philadelphia County residents,
> particularly the Jewish community members in Philadelphia
> County, through Instagram, X, and the Philadelphia Jewish
> Exponent's *Guide to Jewish Life* is an incidental business act
> or contact simply aiding the main purpose of [Appellee].
>
> Additionally, [Appellee's] receiving of $460,000 from
> Philadelphia County-based NJCD Yachad to facilitate the
> attendance of dozens of campers at [Appellee's] camp **in**

**Wayne County** does not constitute providing "a camp experience to campers" in Philadelphia County. Instead, [Appellee's] receiving of $460,000 from Philadelphia County-based NJCD Yachad to facilitate the attendance of dozens of campers at [Appellee's] camp in Wayne County is an incidental or collateral business act or contact simply aiding the main purpose of [Appellee]. [Appellant] even states as much in [his] own brief: "Said succinctly, [Appellee] **supports** its primary goal of serving campers by working with Yachad to secure those campers' attendance at Camp Lavi" in Wayne County. (Plaintiff's Supplemental Brief, at 9) (emphasis added).

Lastly, the fact that one camper in 2023 and two campers in 2024 who attended [Appellee's] camp in Wayne County came from or were residents of Philadelphia County does not constitute [Appellee] providing "a camp experience to campers" in Philadelphia County. As such, [Appellee's] alleged physical presence, business activities, and contacts in Philadelphia County do not satisfy the quality standard.

(Trial Court Opinion, dated 5/5/25, at 9-10) (emphasis in original; some record citation formatting provided). The trial court further explained that even if the contacts in Philadelphia County satisfied the quality standard, they would not satisfy the quantity standard, reasoning as follows:

Philadelphia County-based NJCD Yachad's collection of money from campers and subsequent paying of some of that money ($460,000) to [Appellee] on an ongoing basis in exchange for [Appellee] facilitating the attendance of those campers at Camp Lavi in Wayne County does not satisfy the quantity standard. It does not satisfy the quantity standard because, unlike in *Hangey*[*, supra*], NJCD Yachad is not an authorized dealer of [Appellee]. Authorized dealers would not be applicable at all to this case's business context of sleepaway summer camps for children. In addition, as the Supreme Court in *Watson* stated, trial courts should refuse to impute the business activities of separate and distinct businesses located in particular counties onto the business activities of a defendant. *Watson*[*, supra*] at 868.

- 13 -

(Trial Court Opinion at 10). Therefore, the trial court ultimately found that because the quality and quantity prongs were not met, Appellee does not regularly conduct business in Philadelphia County, and Philadelphia County was an improper venue for this case.

Our review of the record supports the trial court's decision to transfer this case to Wayne County. With respect to the quality of Appellee's contacts with Philadelphia County, as the court explained and Appellant conceded, Appellee's core objectives as a camp are to provide a camp experience for campers. There is no question that the physical location of Camp Lavi is in Wayne County and there are no branches or other facilities associated with Appellee providing a camp experience for campers in Philadelphia County. *See Purcell, supra*. Appellee did not perform any core business activities in Philadelphia County, nor did it conduct its core business through an authorized dealer. *See Monaco, supra*. *Compare Hangey, supra*. Rather, at most, Appellee advertised in Philadelphia County publications and online to attract counselors to work at Camp Lavi and campers to attend. Similar to the defendants in *Purcell* and *Kubik*, this action of simply advertising in a county does not constitute regularly conducting business in the county. *See Purcell, supra*; *Kubik, supra*. Further, the fact that several campers reside in Philadelphia does not equate to Appellee providing a camp experience for campers in Philadelphia County. On this record, we see no abuse of discretion with the court's venue analysis. *See Hangey, supra*; *Watson, supra*.

Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/30/2025</u>